UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ELTON MOSLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. BOYD TARIN, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-06108-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 17, 18, 22. |

Defendant's Motion to Dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and(b)(6) is scheduled for a hearing on January 8, 2020. Under Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and **VACATES** the January 8, 2020 hearing. For the reasons set forth below, the Court **GRANTS** defendants' Motion to Dismiss pursuant to Rule 12(b)(1).[1]

**BACKGROUND**

The following facts are drawn from plaintiff's complaint and related court documents.[2]

---

[1] Because the Court grants defendants' Motion to Dismiss for lack of subject matter jurisdiction under 12(b)(1), the Court does not address defendants' arguments regarding 12(b)(6) and immunity.

[2] Defendants requested that the Court take judicial notice of court documents and docket activity related to plaintiff's complaint and child support obligations. Dkt. No. 18. The Court documents include a May 8, 2001 Judgment Regarding Parental Obligations from San Mateo County Court, December 2, 2004 Order Suspending Child Support Payments from San Mateo County Court, an August 6, 2020 Statement for Registration of California Support Order in the Superior Court of California, County of Contra Costa. *Id*.

The Court hereby GRANTS defendants' request for judicial notice. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) (taking judicial notice of relevant and material court documents that clarified allegations of plaintiff's complaint). Moreover, the Court may review evidence from the documents in determining subject matter jurisdiction pursuant to 12(b)(1). *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988)

On May 8, 2001, Judge Greenberg, Superior Court Judge for the County of San Mateo, issued a Judgment Regarding Parental Obligations ("Child Support Judgment") requiring plaintiff to pay monthly child support in case FAM063876. Dkt. 18 (Exhibit A). On November 30, 2004, Judge McKenna issued an order suspending plaintiff's child support payments pending plaintiff's incarceration. Dkt. 18 (Exhibit B). The order stated that monthly child support was to be reinstated upon plaintiff's release. *Id.*

On July 30, 2018, the Child Support Agency sent an Income Withholding Order/Notice for Support to plaintiff's employer regarding plaintiff's child support obligation. Dkt. No. 1 at 42. Plaintiff's employer was required to give plaintiff a copy of the notice. *Id.*

On February 14, 2019, Judge Holt from the San Mateo Superior Court issued a Short Form Order After Hearing in FAM063876. *Id*. at 37-38. The order denied plaintiff's motion to set aside the judgement without prejudice. *Id.*

On March 18, 2019, plaintiff sent Judge Holt a "Motion for Dismissal of Arrears" and stated his "Motion for Dismissal of Existing Order . . . . would resolve this placement conflict in this case without the need for further litigation and ensuing expenses." *Id*. at 13.

On July 10, 2019, plaintiff wrote a letter to the Superior Court for San Mateo County. *Id*. at 13. The letter stated that plaintiff "want[ed] [FAM063876] dismissed immediately" and "[i]f this child support case is not dismissed [within seven days], I'm going to sue the child support agency . . . for fraud and duress." *Id.*

On July 16, 2019, plaintiff sent a writ of mandamus to the Superior Court for San Mateo County "challenging the child support enforcement agency on the basis of fraud." *Id*. at 17. Plaintiff alleged that the Child Support Agency "did not afford [plaintiff] [his] guaranteed right to due process, orally, through the use of video or audio equipment and in writing the following legal consequences thar arise from signing the acknowledgment." *Id*. Plaintiff stated "[I] wish this income withholding order and arrears to be terminated immediately based on fraudulent evidence under Coram non judice & due process. [T]his case is unconstitutional on [its] face and must cease and desist wage garnishment and arrears immediately." *Id.*

Plaintiff sent an undated letter to G. Boyd Tarin and Bria Royal of "San Mateo County

DCSS." *Id*. at 51-53. In the letter, plaintiff said that he was "making a special appearance on December 18, 2019" because of the "Declaration to Request for Order Form" and claimed that he did not owe child support. *Id*. at 51. Plaintiff stated that G. Boyd Tarin and Bria Royal were committing fraud and were dismissing plaintiff's due process rights. *Id*. at 52. Plaintiff also stated that he would file a lawsuit against G. Boyd Tarin and Bria Royal "if this case is not dismissed with prejudice on [December 18, 2019]." *Id*.

On March 3, 2020, plaintiff filed a complaint in the Northern District of California, alleging that defendants G. Boyd Tarin[3] and Contra Costa County were "still garnishing [plaintiff's] property illegally . . . [and] continue to keep stealing [plaintiff's] property with aggravated [i]dentity [t]heft." Dkt. No. 1 at 5. Plaintiff claims that there was a "fraud garnishment of [plaintiff's] property" for child support and that he was "never given due process." *Id*.

On August 6, 2020, a Statement for Registration of California Support Order ("Statement of Support Order") was filed in case F20-00523 at the Superior Court for County of Contra Costa. Dkt. No. 18 (Exhibit C). The Statement of Support Order transferred plaintiff's case from San Mateo to Contra Costa County for enforcement of plaintiff's child support obligations. *Id*. Docket activity for F20-00523, *County of San Mateo v. Joe Elton Mosley*, shows that plaintiff was served the Statement for Registration of California Support Order on August 24, 2020. Dkt. No. 18 (Exhibit D).

## LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings and may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Consideration of material outside the pleadings does not convert a Rule 12(b)(1) motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983). The plaintiff has the burden of proving subject matter jurisdiction. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citing *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th

---

[3] According to defendants' Motion to Dismiss, G. Boyd Tarin is an attorney for Contra Costa County. Dkt. No. 17 at 13.

Cir.2007)). When evaluating subject matter jurisdiction, the Court does not attach "presumptive truthfulness" to plaintiff's allegations. *Id*. (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)).

**DISCUSSION**

Defendants argue that *Younger* Abstention and the *Rooker-Feldman* Doctrine bar the Court's jurisdiction under Federal Rule of Evidence 12(b)(1). Dkt. No. 17. Plaintiff did not respond to defendants' jurisdictional arguments in plaintiff's response to defendants' motion to dismiss.[4] Dkt. No. 22. The Court discusses each doctrine below.

**A.    *Younger* Abstention**

Defendants argue that *Younger* Abstention applies because plaintiff's claim involves a challenge to "ongoing wage garnishment proceedings" in state court. Dkt. No. 17 at 11-12. The Court agrees with defendants' argument.

In *Younger*, the United States Supreme Court "'espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.'" *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir.2000) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* Abstention has been applied to state civil proceedings where important state interests are involved. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Therefore, *Younger* requires a federal court to abstain from jurisdiction when state proceedings "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund.*, 754 F.3d 754, 758 (9th Cir. 2014).

Plaintiff's complaint appears to challenge the ongoing enforcement of child support in case F20-00523, *County of San Mateo v. Joe Elton Mosley*. *See* Dkt. No. 1 at 5 (alleging defendants

---

[4] Plaintiff's opposition pleading, Dkt. 22, was titled "Motion to Dismiss Child Support."

4

were "still garnishing [plaintiff's] property illegally" for child support); Dkt. No. 22 (alleging fraud by "San Mateo Child Support Agency" and garnishing wages from plaintiff's estate without plaintiff's permission); Dkt. No. 18 (Exhibit D) (docket activity for F20-00523).

The Court finds that *Younger* requires the Court to abstain from plaintiff's case. Plaintiff's case involves ongoing state child support enforcement proceedings that began in San Mateo County on May 8, 2001 and were transferred to Contra Costa County on August 6, 2020. Dkt. No. 18 (Exhibit A); (Exhibit C). The child support enforcement proceedings involve the state's important interest in enforcing child support orders and collecting child support payments. *See H.C. ex. Rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("A state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.' . . . This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction . . . and in which the state courts have a special expertise and experience."); *see also Agustin v. County of Alameda*, No. 06-15323, 2007 WL 1675953 at **1 (9th Cir. June 11, 2007) (affirming case dismissal under *Younger* Abstention doctrine where state court action to collect child support payments "implicate[s] important state interests."); *Knight v. Maleng*, No. ED EV 18-0202, 2018 WL 4694042 at *1 (9th Cir. Jan. 25, 2001) (holding that the state's interest in child support proceedings justified *Younger* abstention). Finally, docket activity in the ongoing enforcement proceedings indicates that plaintiff has an adequate opportunity to litigate his federal claims relating the state court proceedings. Dkt. No. 18. (Exhibit D). Therefore, the Court must abstain from jurisdiction of plaintiff's challenge to the ongoing enforcement of the San Mateo child custody order.

**B.     *Rooker-Feldman* Doctrine**

Defendants argue that the *Rooker-Feldman* Doctrine applies because plaintiff's complaint challenges the constitutionality of the Child Support Judgment from May 8, 2001. Dkt. No. 17 at 10-11. To the extent that plaintiff's complaint requests that the Court review the illegality of the Child Support Judgment based on fraud and lack of due process, the Court finds that the *Rooker-Feldman* Doctrine bars the Court's jurisdiction.

5

The *Rooker-Feldman* Doctrine holds that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). In *Noel*, the Ninth Circuit held that a de facto appeal exists when a "plaintiff in federal district court complains of a legal wrong allegedly committed by the state court . . . and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163. Where there is a de facto appeal, a district court must also "refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*. at 1158. The *Rooker-Feldman* Doctrine extends to when a plaintiff's challenge to a state court's action involves federal constitutional issues. *Dubinka v. Judges of Superior Court of State of Cal. For County of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 484-86 (1983)).

Plaintiff appears to request that the Court review the legality of the Child Support Judgment in FAM063876. *See* Dkt. No. 22 (plaintiff response to defendants' Motion to Dismiss requesting the Court dismiss child support because of lack of due process and fraud). However, plaintiff's request constitutes a de facto appeal. In *Carmona*, the Ninth Circuit held that plaintiff's challenge to family court orders was a de facto appeal because plaintiff (1) argued that the family orders were based on an erroneous application of ERISA preemption law and the family court unlawfully reassigned benefits, and (2) requested that the court dismiss the family court orders. Similar to plaintiff's challenge in *Carmona*, plaintiff (1) argues that the Child Support Judgment was issued based on defendants' alleged fraud and despite plaintiff's denial of due process during family court proceedings, and (2) requests that the Court dismiss the Child Support Judgment. *See* Dkt. No. 1 at 5 (plaintiff complaint stating "fraud" garnishment" of plaintiff's property, plaintiff never given due process, and defendants charging plaintiff for child support); Dkt. No. 1 at 13, 15 (letters to Superior Court for San Mateo County requesting dismissal of Child Support Judgment because of fraud and lack of due process); Dkt. No. 22 (plaintiff requesting the Court dismiss child support).

Therefore, plaintiff complains that the San Mateo court improperly issued the Child Support Judgment because of defendants' alleged fraud and plaintiff's lack of due process. *See* Dkt. No. 1 at 51-52 (plaintiff letter to Boyd Tarin's and Bria Royal stating, "I don't owe child support or any

arrears . . . I was unwillingly & unknowingly put into a contract that I never consented to."). Plaintiff now asks that this Court grant relief from the Child Support Judgment by dismissing plaintiff's child support obligations. *See* Dkt. No. 22 at 2 ("The state courts has ignored my contract, so I went to the federal court on this matter."). This Court lacks jurisdiction to review the Child Support Judgment. *See Rucker v. County of Santa Clara, State of California*, No. C-2-598, 2003 WL 21440151 at *2 (N.D. Cal. June 17, 2003) (holding *Rooker-Feldman* doctrine barred jurisdiction where plaintiff claimed violation of due process by issuance of allegedly invalid garnishment of disability benefits for child support payments).

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' Motion to Dismiss for lack of subject matter jurisdiction, DENIES plaintiff's Motion to Dismiss Child Support, and dismisses plaintiff's complaint. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction, its only remaining function is to declare that fact and dismiss the action). The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 4, 2021

SUSAN ILLSTON
United States District Judge